UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| CHASTITY QUINTANA,<br><br>        Plaintiff,<br><br>v.<br><br>GERALDINE KING WOMEN'S CENTER; PREMIER SECURITY; and ALL EMPLOYEE IN THE BUILDING AND HOMELESS WOMENS,<br><br>        Defendants. | **MEMORANDUM DECISION AND ORDER DENYING WITHOUT PREJUDICE MOTION FOR APPOINTMENT OF COUNSEL (DOC. NO. 6)**<br><br>Case No. 2:24-cv-00147<br><br>Magistrate Judge Daphne A. Oberg |

        Plaintiff Chastity Quintana filed this action without an attorney and without paying the filing fee.[1] Ms. Quintana now moves for appointment of counsel.[2] Because Ms. Quintana does not provide adequate justification for her request, the motion is denied without prejudice.

        While defendants in criminal cases have a constitutional right to representation by an attorney,[3] "[t]here is no constitutional right to appointed counsel in a civil case."[4] Appointment of counsel in civil cases is left to the court's discretion.[5] Indigent parties in civil cases may apply for the appointment of counsel under 28 U.S.C. § 1915(e)(1), which allows a court to

---

[1] (*See* Order Granting Mot. to Proceed in Forma Pauperis, Doc. No. 4; Compl., Doc. No. 5.)

[2] (Mot. for Appointment of Counsel, Doc. No. 6.)

[3] *See* U.S. Const. amend. VI; Fed. R. Crim. P. 44.

[4] *Durre v. Dempsey*, 869 F.2d 543, 547 (10th Cir. 1989).

[5] *Shabazz v. Askins*, 14 F.3d 533, 535 (10th Cir. 1994).

1

"request an attorney to represent any person unable to afford counsel." The applicant has the burden to convince the court her claim has enough merit to warrant appointment of counsel.[6] When deciding whether to appoint counsel, the court considers a variety of factors, including "the merits of the litigant's claims, the nature of the factual issues raised in the claims, the litigant's ability to present [the] claims, and the complexity of the legal issues raised by the claims."[7]

Ms. Quintana asks the court to appoint counsel, but states no reason or basis for the request, other than that she "should be help[ed] with the Court" and that she "can't pay."[8] As outlined above, this is insufficient to warrant appointment of counsel in a civil case. Even if Ms. Quintana shows through a financial affidavit or other evidence that she cannot afford a lawyer, she still must satisfy her burden of convincing this court that her claim has enough merit to

---

[6] *McCarthy v. Weinberg*, 753 F.2d 836, 838 (10th Cir. 1985).

[7] *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995) (internal quotation marks omitted).

[8] (*See* Mot. for Appointment of Counsel, Doc. No. 6.)

warrant appointment of counsel.  Accordingly, the court DENIES Ms. Quintana's motion for appointment of counsel[9] without prejudice.[10]

DATED this 1st day of March, 2024.

BY THE COURT:

Daphne A. Oberg
United States Magistrate Judge

---

[9] (Doc. No. 6.)

[10] Because the motion is denied without prejudice, Ms. Quintana may file a new motion explaining why, under the factors outlined above, her case warrants the appointment of counsel.