UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| CHASTITY QUINTANA,<br><br>Plaintiff,<br><br>v.<br><br>GERALDINE KING WOMEN'S CENTER; PREMIER SECURITY; and ALL EMPLOYEE IN THE BUILDING AND HOMELESS WOMENS,<br><br>Defendants. | **MEMORANDUM DECISION AND ORDER GRANTING MOTION TO ADD PERSONAL PAPERWORK (DOC. NO. 11) BUT DENYING WITHOUT PREJUDICE MOTION FOR APPOINTMENT OF COUNSEL (DOC. NO. 12)**<br><br>Case No. 2:24-cv-00147<br><br>Chief Judge Robert J. Shelby<br><br>Magistrate Judge Daphne A. Oberg |

Plaintiff Chastity Quintana filed this action without an attorney and without paying the filing fee.[1] Ms. Quintana previously filed a motion to appoint counsel,[2] which the court denied without prejudice because she did not adequately justify her request.[3] Ms. Quintana has now filed a motion for "Professional Lawyers to be Granted," again

---

[1] (*See* Order Granting Mot. to Proceed in Forma Pauperis, Doc. No. 4; Compl., Doc. No. 5.)

[2] (Mot. for Appointment of Counsel, Doc. No. 6.)

[3] (*See* Mem. Decision and Order Den. Without Prejudice Mot. to Appoint Counsel, Doc. No. 7.)

1

requesting the appointment of a lawyer.[4]  Because Ms. Quintana still fails to sufficiently support her request, the motion[5] is denied without prejudice.

As explained in the court's order denying Ms. Quintana's previous motion for appointment of counsel, while defendants in criminal cases have a constitutional right to representation by an attorney,[6] "[t]here is no constitutional right to appointed counsel in a civil case."[7]  Appointment of counsel in civil cases is left to the court's discretion.[8]  Indigent parties in civil cases may apply for the appointment of counsel under 28 U.S.C. § 1915(e)(1), which allows a court to "request an attorney to represent any person unable to afford counsel."  The applicant has the burden to convince the court her claim has enough merit to warrant appointment of counsel.[9]  When deciding whether to appoint counsel, the court considers a variety of factors, including "the merits of the litigant's claims, the nature of the factual issues raised in the claims, the litigant's ability to present [the] claims, and the complexity of the legal issues raised by the claims."[10]

---

[4] (Mot. for Pro. Laws. to be Granted ("Mot."), Doc. No. 12.)

[5] (Doc. No. 12.)

[6] *See* U.S. Const. amend. VI; Fed. R. Crim. P. 44.

[7] *Durre v. Dempsey*, 869 F.2d 543, 547 (10th Cir. 1989).

[8] *Shabazz v. Askins*, 14 F.3d 533, 535 (10th Cir. 1994).

[9] *McCarthy v. Weinberg*, 753 F.2d 836, 838 (10th Cir. 1985).

[10] *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995) (internal quotation marks omitted).

Ms. Quintana asks the court to appoint counsel, but states no reason or basis for the request other than she has experienced a "real violation of [her] civil right[s]."[11]  As outlined above, this is insufficient to warrant appointment of counsel in a civil case.  If Ms. Quintana seeks appointment of a lawyer, she bears the burden of convincing this court that her claim has enough merit and complexity to warrant appointment of counsel, among other things.  Because she failed to do this, the court denies Ms. Quintana's motion to appoint counsel[12] without prejudice.

### MOTION TO ADD PERSONAL PAPERWORK

Ms. Quintana has also filed a "Motion Asking the Judge to Add Personal Paperwork,"[13] which appears to be a request to add an attached appendix to her complaint.  As stated above, Ms. Quintana is proceeding without paying the filing fee, which means the court will review her complaint under 28 U.S.C. § 1915.  Ms. Quintana is reminded she "must not file any motions or other documents during the time the case is screened or until the court orders otherwise."[14]

However, because Ms. Quintana proceeds without an attorney, her filings are liberally construed and held "to a less stringent standard than formal pleadings drafted

---

[11] (*See* Mot., Doc. No. 12 at 1.)

[12] (Doc. No. 12.)

[13] (Doc. No. 11.)

[14] (Order Granting Mot. to Proceed in Forma Pauperis and Notice of Screening ¶ 3, Doc. No. 4.)  Given the urgent nature of a motion to appoint counsel, Ms. Quintana may refile a motion to appoint counsel, but she may not file other motions until her case is screened or the court orders otherwise.

by lawyers."[15] Given this liberal approach and the fact that attachments to a complaint may be considered in determining whether it states a plausible claim for relief,[16] in screening the case, the court will consider the appendix Ms. Quintana filed with her motion to add personal paperwork. Because the appendix contains personal identifying information, the court will seal the appendix,[17] meaning that only case participants and the court may see the documents (they will be sealed from public view).

## CONCLUSION

Because Ms. Quintana has failed to provide adequate justification for the appointment of counsel, her motion to appoint counsel[18] is denied without prejudice. However, the court will consider the appendix Ms. Quintana submitted when screening her complaint, meaning her motion to add paperwork[19] is granted.

DATED this 15th day of April, 2024.

BY THE COURT:

_Daphne A. Oberg_
Daphne A. Oberg
United States Magistrate Judge

---

[15] *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

[16] *Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009)

[17] (Doc. No. 11-1.)

[18] (Doc. No. 12.)

[19] (Doc. No. 11.)