UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| CHASTITY QUINTANA,<br><br>Plaintiff,<br><br>v.<br><br>GERALDINE KING WOMEN CENTER, et al.,<br><br>Defendants. | **REPORT AND RECOMMENDATION TO DISMISS ACTION PURSUANT TO 28 U.S.C. § 1915**<br><br>Case No. 2:24-cv-00147<br><br>Chief District Judge Robert J. Shelby<br><br>Magistrate Judge Daphne A. Oberg |

Plaintiff Chastity Quintana, proceeding without an attorney and without paying a filing fee,[1] filed this action against Geraldine King Women Center, Premier Security, and "all employee[s] in the building and homeless women[]."[2]  After screening Ms. Quintana's complaint under 28 U.S.C. § 1915(e)(2)(B) and identifying deficiencies, the court invited Ms. Quintana to file an amended complaint[3] and noted that failure to do so could result in dismissal of this action.[4]  Ms. Quintana did not file an amended complaint

---

[1] (*See* Order Granting Mot. to Proceed In Forma Pauperis and Notice of Screening Under 28 U.S.C. § 1915, Doc. No. 4.)

[2] (Compl., Doc. No. 5.)

[3] (*See* Mem. Decision and Order Permitting Am. Compl., Doc. No. 14.)

[4] (*Id.* at 7.)

1

by the deadline in the court's order or anytime thereafter.[5]  Because Ms. Quintana's complaint fails to state a plausible claim for relief and further opportunities to amend would be futile, the undersigned[6] recommends the chief district judge dismiss this action without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B).

## LEGAL STANDARDS

When a court authorizes a party to proceed without paying a filing fee, the court must dismiss the case if it determines the complaint "fails to state a claim on which relief may be granted."[7]  In making this determination, the court uses the standard for analyzing a motion to dismiss for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure.[8]  To avoid dismissal under Rule 12(b)(6), a complaint must allege "enough facts to state a claim to relief that is plausible on its face."[9]  The court accepts well-pleaded factual allegations as true and views the allegations in the light most favorable to the plaintiff, drawing all reasonable inferences in the plaintiff's

---

[5] Before the deadline to amend, Ms. Quintana filed what appear to be records from a state criminal case, but it is unclear how these documents relate to her claims in this action.  (*See* Doc. No. 15.)

[6] This case is referred to the undersigned magistrate judge under 28 U.S.C. § 636(b)(1)(B).  (*See* Doc. No. 8.)

[7] 28 U.S.C. § 1915(e)(2)(B)(ii).

[8] *Kay v. Bemis*, 500 F.3d 1214, 1217 (10th Cir. 2007).

[9] *Hogan v. Winder*, 762 F.3d 1096, 1104 (10th Cir. 2014) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 547 (2007)).

favor.[10]  But the court need not accept the plaintiff's conclusory allegations as true.[11] "[A] plaintiff must offer specific factual allegations to support each claim."[12]

Because Ms. Quintana proceeds without an attorney (pro se), her filings are liberally construed and held "to a less stringent standard than formal pleadings drafted by lawyers."[13]  Still, pro se plaintiffs must "follow the same rules of procedure that govern other litigants."[14]  For instance, a pro se plaintiff "still has the burden of alleging sufficient facts on which a recognized legal claim could be based."[15]  While the court must make some allowances for a pro se plaintiff's "failure to cite proper legal authority, [her] confusion of various legal theories, [her] poor syntax and sentence construction, or [her] unfamiliarity with pleading requirements,"[16] the court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf."[17]

---

[10] *Wilson v. Montano*, 715 F.3d 847, 852 (10th Cir. 2013).

[11] *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

[12] *Kan. Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1214 (10th Cir. 2011).

[13] *Hall*, 935 F.2d at 1110.

[14] *Garrett v. Selby, Connor, Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) (internal quotation marks omitted).

[15] *Jenkins v. Currier*, 514 F.3d 1030, 1032 (10th Cir. 2008) (internal quotation marks omitted).

[16] *Hall*, 935 F.2d at 1110.

[17] *Smith v. United States*, 561 F.3d 1090, 1096 (10th Cir. 2009) (internal quotation marks omitted).

## ANALYSIS

Ms. Quintana filed a form civil rights complaint and checked boxes indicating she is bringing claims under 42 U.S.C. §§ 1983 and 1985.[18]  Ms. Quintana was also granted leave to file an "appendix" to the complaint containing additional allegations and a copy of a docket from a state traffic court case.[19]  Because Ms. Quintana's pleadings are liberally construed, and attachments to a complaint may be considered in determining whether it states a plausible claim for relief,[20] all these documents are considered in evaluating the sufficiency of her claims.

Ms. Quintana's allegations appear to relate to her experiences at the Geraldine E. King Women's Resource Center,[21] a homeless shelter.  Ms. Quintana alleges "policies and procedures to kick out a person [at] any time without a watchful eye" are an "abuse of power."[22]  She alleges Premier Security violated her rights at the shelter by "not asking me first if they could go [a]head and take from me, making phone call with

---

[18] (*See* Compl. 1, Doc. No. 5.)

[19] (*See* Mot. for App. C Asking the Judge to Add Personal Paperwork, Doc. No. 11; Mem. Decision and Order Granting Mot. to Add Personal Paperwork But Den. Without Prejudice Mot. for Appointment of Counsel, Doc. No. 13.)  The court considers both the allegations in Ms. Quintana's motion and the attached docket sheet.

[20] *See Smith*, 561 F.3d at 1098 ("In evaluating a Rule 12(b)(6) motion to dismiss, courts may consider not only the complaint itself, but also attached exhibits, and documents incorporated into the complaint by reference." (citation omitted)).

[21] Ms. Quintana names the defendant as Geraldine King Women Center.  (*See* Compl., Doc. No. 5.)

[22] (*Id.* at 2.)

and to all those department [sic]."[23]  She alleges homeless women at the shelter were "being their CI little worker to get payed [sic] right in my face and make call texts and very thing the ask [sic]."[24]  She claims the defendants are violating her civil rights and privacy rights by "gathering information on individuals engaging in constitutionally protected activities, improperly accessing of sharing a subject[']s information, or sharing a subject record without a valid law enforcement purpose."[25]  Finally, she alleges the defendants harmed her "by using [her] personal legal name that [she] was born with," which she claims put her in danger, made the police department harass her, and caused homeless women to invade her privacy.[26]  In her appendix, Ms. Quintana alleges the shelter was not clean, and that she got sick because one of the other women was sick.[27]  The appendix also contains a traffic court docket sheet, but Ms. Quintana does not explain how it relates to her claims in this case.[28]

Ms. Quintana's complaint fails to state a claim under 42 U.S.C. § 1983.  To state a claim under this statute, "a plaintiff must allege (1) deprivation of a federal right by (2) a person acting under color of state law."[29]  Ms. Quintana's complaint falls short as to

---

[23]  (*Id.*)

[24] (*Id.* at 3.)

[25] (*Id.*)

[26] (*Id.* at 5.)

[27] (*See* Mot. for App. C Asking the Judge to Add Personal Paperwork, Doc. No. 11.)

[28] (*See* Doc. No. 11-1.)

[29] *Watson v. Kansas City*, 857 F.2d 690, 694 (10th Cir. 1988).

both elements.  First, Ms. Quintana fails to identify a federal right the defendants have violated.  Ms. Quintana's allegations are largely incoherent, but her general grievances regarding shelter policies, cleanliness, and use of her legal name do not appear to implicate any federal rights.  Further, her vague references to constitutionally protected activities, civil rights, and privacy violations lack supporting factual allegations.  In other words, she fails to "identify specific actions taken by particular defendants" in violation of her federally-protected rights.[30]

Second, although Ms. Quintana checked boxes on the complaint form indicating the Women's Resource Center and Premier Security were "acting under the authority or color of state law,"[31] she fails to allege facts supporting this conclusory assertion.  The Women's Resource Center and Premier Security appear to be private entities, not state actors.  Ms. Quintana does not allege facts sufficient to show these entities are state actors or "jointly engaged with state officials in the conduct allegedly violating [a] federal right," as required to state a § 1983 claim against private parties.[32]  Because Ms. Quintana does not allege facts to support either element of a § 1983 claim, this claim fails.

---

[30] *Pahls v. Thomas*, 718 F.3d 1210, 1226 (10th Cir. 2013) (emphasis omitted) (citation omitted).

[31] (Compl. 2, Doc. No. 5.)

[32] *Janny v. Gamez*, 8 F.4th 883, 919 (10th Cir. 2021).

Ms. Quintana's complaint also fails to state a claim under 42 U.S.C. § 1985. This statute prohibits certain conspiracies to interfere with civil rights.[33] To succeed on a § 1985 claim, a conspiracy must be proven.[34] To state a valid claim for conspiracy, "a plaintiff must allege specific facts showing an agreement and concerted action amongst the defendants."[35] Ms. Quintana fails to allege specific facts showing an agreement or concerted action. Her conclusory allegations that her rights were violated are insufficient.

For these reasons, Ms. Quintana's complaint fails to state a claim under 42 U.S.C. § 1983 or § 1985. And her allegations do not appear to support any other cognizable cause of action. Because Ms. Quintana's complaint fails to state any plausible claim for relief, the action must be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). "Dismissal of a pro se complaint for failure to state a claim is proper only where it is obvious that the plaintiff cannot prevail on the facts [s]he has alleged and it would be futile to give [her] an opportunity to amend."[36] The court previously identified the deficiencies described above and permitted Ms. Quintana to amend her

---

[33] *See* 42 U.S.C. § 1985; *Archuleta v. City of Roswell*, 898 F. Supp. 2d 1240, 1247 (D.N.M. 2012).

[34] *See Dixon v. City of Lawton*, 898 F.2d 1443, 1447 (10th Cir. 1990).

[35] *Tonkovich v. Kansas Bd. of Regents*, 159 F.3d 504, 533 (10th Cir. 1998) (discussing conspiracy under § 1983).

[36] *Kay*, 500 F.3d at 1217 (internal quotation marks omitted).

complaint to correct them,[37] but she failed to do so.  Therefore, further opportunities to amend would be futile, and dismissal is necessary.

## RECOMMENDATION

Where Ms. Quintana's complaint fails to state a plausible claim for relief and further opportunities to amend would be futile, the undersigned RECOMMENDS the chief district judge dismiss this action without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B).  The court will send this Report and Recommendation to Ms. Quintana, who is notified of her right to object to it.  Any objection must be filed within fourteen days of service.[38]  Failure to object may be considered a waiver of objections.

DATED this 12th day of July, 2024.

BY THE COURT:

_Daphne A. Oberg_
Daphne A. Oberg
United States Magistrate Judge

---

[37] (*See* Mem. Decision and Order Permitting Am. Compl., Doc. No. 14.)

[38] *See* 28 U.S.C. § 636(b)(1); Fed R. Civ. P. 72(b).