IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| CHASTITY QUINTANA,<br><br>   Plaintiff,<br><br>v.<br><br>GERALDINE KING WOMEN CENTER, et al.,<br><br>   Defendants. | **ORDER ADOPTING REPORT AND RECOMMENDATION**<br><br>Case No. 2:24-cv-00147-RJS-DAO<br><br>Chief District Judge Robert J. Shelby<br><br>Magistrate Judge Daphne A. Oberg |

Plaintiff Chastity Quintana initiated this pro se action against Defendants Geraldine King Women Center, Premier Security, and "all employee[s] in the building and homeless women[]" on February 27, 2024.[1] Quintana was permitted to proceed in forma pauperis under the IFP statute, 28 U.S.C. § 1915.[2]

On March 21, 2024, Quintana's case was referred to Magistrate Judge Daphne A. Oberg pursuant to 28 U.S.C. § 636(b)(1)(B).[3] After screening the complaint pursuant to the IFP Statute and identifying deficiencies, Judge Oberg invited Quintana to file an amended complaint by July 2, 2024 and noted that failure to do so could result in dismissal of this action.[4] No Amended Complaint was filed.

In a Report and Recommendation issued on July 12, 2024, Judge Oberg recommended the court dismiss Quintana's action for failure to state a plausible claim for relief.[5] The Report

---

[1] Dkt. 5, *Complaint*.

[2] Dkt. 4, *Order Granting Motion for Leave to Proceed in Forma Pauperis*.

[3] Dkt. 8, *Notice of Non-Consent*.

[4] Dkt. 14, *Memorandum Decision and Order Permitting Amended Complaint* at 7–8.

[5] Dkt. 16, *Report and Recommendation to Dismiss Action Pursuant to 28 U.S.C. § 1915* (*Report and Recommendation*) at 2.

1

also recommends dismissal be with prejudice because, despite "[t]he court previously identif[ying] the [Complaint's] deficiencies . . . and permitt[ing] . . . Quintana to amend her complaint," she failed to do so, and "further opportunities to amend would be futile."[6] Judge Oberg warned that any objections to the Report must be filed within fourteen days, and that "[f]ailure to object may be considered a waiver of objections."[7]

Federal Rule of Civil Procedure 72(b)(2) allows parties to file "specific written objections to the proposed findings and recommendations" within fourteen days after being served with a copy of the recommended disposition.[8] When no objections are filed, the Supreme Court has suggested no further review by the district court is required, but nor is it precluded.[9] This court reviews for clear error any report and recommendation to which no objections have been raised.[10]

Three weeks have passed since the Report was filed and the court has not received any objections from Quintana. Accordingly, this court reviews Judge Oberg's Report for clear error. Having carefully considered the Report, the court finds no clear error. While "dismissal of a pro se complaint for failure to state a claim" is generally disfavored, it is appropriate where, as here, "granting leave to amend would be futile."[11] Therefore, the court ADOPTS the Report in full.

---

[6] *Id.* at 7–8.

[7] *Id.* at 8.

[8] Fed. R. Civ. P. 72(b)(2).

[9] *See Thomas v. Arn*, 474 U.S. 140, 149 (1985) ("The [Federal Magistrate's Act] does not on its face require any review at all, by either the district court or the court of appeals, of any issue that is not the subject of an objection.").

[10] *See, e.g.*, *Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 739 (7th Cir. 1999) ("If no objection or only partial objection is made [to a magistrate judge's report and recommendation], the district court judge reviews those unobjected portions for clear error.") (citations omitted); *see also* Fed. R. Civ. P. 72(b) Advisory Committee's Note to 1983 Amendment ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.") (citing *Campbell v. U.S. Dist. Court for N. Dist. of Cal.*, 501 F.2d 196, 206 (9th Cir. 1974), *cert. denied*, 419 U.S. 879).

[11] *Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1219 (10th Cir. 2006).

For the reasons set forth in the Report, Quintana's Complaint is DISMISSED WITH PREJUDICE for failing to state a claim upon which relief may be granted. The Clerk of Court is directed to close this case.

    SO ORDERED this 5th day of August 2024.

BY THE COURT:

_____
ROBERT J. SHELBY
United States Chief District Judge